IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR POLK, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:18-cv-01214-STA-egb |
| RUSSELL WASHBURN, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DIRECTING CLERK TO REOPEN CASE,
LIFTING STAY,
AND
DIRECTING RESPONDENT TO RESPOND TO PETITION**

On January 2, 2019, the Court stayed and administratively closed this case pending the state court's resolution of Petitioner Oscar Polk's delayed post-conviction proceeding. (ECF No. 9.) The Court ordered Petitioner to notify the Court of the resolution of the state court proceeding within thirty days of that event. (*Id.*) Now before the Court is Polk's motion to reopen this case and lift the stay. (ECF No. 10.)

On February 15, 2019, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief in Petitioner's case. *See Polk v. State*, No. W2018-01072-CCA-R3-PC, 2019 WL 911156, at *1 (Tenn. Crim. App. Feb. 15, 2019). Accordingly, for good cause shown, Polk's motion is **GRANTED**. The Clerk is **DIRECTED** to reopen this case, and the stay is **HEREBY LIFTED**.

It is **ORDERED**, pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), that Respondent file a response to the Petition

within twenty-eight (28) days. Respondent is advised to read the following paragraph carefully because many of the requirements for his response are new.

For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31. The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 2, 2019